(18 App. Div. 510.)

WOODWORTH et al. v. GENESEE PAPER CO.

(Supreme Court, Appellate Division, Fourth Department. June 12, 1897.)

1. ADJOINING LANDOWNERS—DISCHARGING WATERS.
  The rules applicable to the rights of riparian proprietors have no application to an action, the gist of which is a charge that the defendant has discharged water in an unlawful manner, through the tail race of his mill, upon the plaintiffs' lands.

2. SAME—PRESCRIPTION.
  No prescriptive right to discharge water upon the land of an adjoining owner can be acquired where the quantity and velocity of such discharge have been materially increased within the period of prescription.

Appeal from trial term, Monroe county.

Action by Chauncey B. Woodworth and the Hayden & Crouch Company against the Genesee Paper Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

George F. Yeoman, for appellant.
William F. Cogswell, for respondents.

ADAMS, J.   The complaint in this action alleges, in substance, that the defendant is the owner and in possession of Mill Side lots Nos. 1 to 9, inclusive, in Great lot 44, township No. 1, short range of town ships, in Phelps and Gorham purchase, west of the Genesee river, and near what are known as the "Lower Falls," in the city of Rochester; that the plaintiff Woodworth owns, and the plaintiff the Hayden & Crouch Company, as his tenant, is in possession of, lands lying next north of the defendant's lands, known and designated as the "Unnumbered Lot"; that there is a raceway extending from the Genesee river through the lands of the defendant, and onto the lands of the plaintiffs, which conveys water for power to a paper mill upon the defendant's lands, and to a chair factory upon the plaintiffs' lands; that the defendant, through its tail race, discharges water unlawfully upon the lands of the plaintiffs, thereby impairing the efficiency of the latter's water power, to the great injury of the Hayden & Crouch Company; that such unlawful act upon the part of the defendant is a continuing trespass, which is liable to lead to a multiplicity of actions; and that no adequate legal remedy is available for the injury thereby inflicted.

The defendant's answer, while admitting the formal parts of the complaint, denies the allegations of injury resulting to the plaintiff company by reason of the wrongful act of the defendant, and claims a prescriptive right to use and discharge the waters of the Genesee river in the manner and to the extent the same are now used and discharged by it.

The issues thus joined were tried by the court without a jury, and the learned trial justice found the following among other facts established by the evidence, viz.:   That in and prior to the year 1872 the defendant's building, in which was contained a Victor wheel of 27 to 30 inches in diameter, was 15 or 16 feet to the north of the north line of the premises owned by the defendant; that the operation of this wheel was continued until the year 1885 or 1886, when a new Leffel wheel, 48 inches in diameter, was placed upon the outside of the building, and from 12 to 15 feet north of where the old wheel was stationed; that in or about the year 1887 or 1888 the defendant placed upon its premises, and near to its north line, a Rodney-Hunt wheel of 24 inches diameter, and since the commencement of this action has placed a 5-inch pipe and siphon near the Rodney-Hunt wheel, which is used for the purpose of discharging the water drawn from the defendant's works; that both the Leffel wheel and the Rodney-Hunt wheel are used by the defendant in its business of manufacturing paper, and that both of said wheels and the siphon discharge water in large quantities upon the property occupied by the Hayden & Crouch Company; that the current flowing from the Leffel wheel is of greater velocity, and flows in a different direction, than did the current created by the Victor wheel used and maintained by the defendant upon its property

prior to 1887; that prior to the introduction by the defendant upon its premises of the Rodney-Hunt wheel and the siphon, no current was discharged by the defendant upon the property of the plaintiffs, such as is now discharged by the Rodney-Hunt wheel and siphon; and that the discharge by the defendant of water from its works upon the property of the plaintiff company obstructs the free flow of water from the tail race upon the plaintiffs' premises, and impairs the efficiency of the water power appurtenant thereto.

In determining these facts the learned trial court was doubtless in error in attributing the present increased discharge of water to the use by the defendant of the Leffel wheel in connection with the Rodney-Hunt wheel, inasmuch as it is undisputed that the latter wheel was substituted for the former before the commencement of the action; but with this exception, which is quite immaterial, all the facts thus found seem to have abundant support in the evidence contained in the record. And, moreover, it appears that, at the request of counsel for both parties, the learned trial justice made a personal inspection of the premises in question, so that his findings of fact in the case must be deemed sufficiently fortified to relieve this court of the necessity of reviewing them; and it only remains, therefore, to determine whether they will support the legal conclusions upon which the judgment appealed from is based.

The learned counsel for the defendant appears to regard this as a case involving the relative rights of adjoining riparian owners, and directs attention to the rule which permits one riparian proprietor to use the waters of a stream passing by his land, even to the extent of diminishing the quantity or retarding or accelerating the flow thereof, to his neighbor's detriment, provided such use may, in the circumstances of a particular case, be regarded as reasonable. The existence of such a rule as the one relied upon by the counsel cannot, of course, be denied (Gould, Waters, § 208; Prentice v. Geiger, 74 N. Y. 341; Herman v. Roberts, 119 N. Y. 37, 23 N. E. 442); but the difficulty in the case arises from the attempted application of the same to the facts as found.

This, as we regard it, is not a controversy involving the right of riparian owners to the reasonable use of the water of a stream, nor is any complaint made that the defendant's use of the water in question is unreasonable; but the gist of the action is that, after the defendant has used the water to which it is entitled, it discharges the same upon the plaintiffs' premises in an unlawful manner. The plaintiffs' cause of action is therefore one in which the rule invoked by counsel will not aid the defendant, for the acts complained of, if proven, amount to an interference with the plaintiffs' rights which can only be justified by establishing a superior right in the defendant, and one which must, of necessity, have been acquired either by grant or prescription. Although no such defense is pleaded in the answer, some attempt was made upon the trial to prove that the defendant did acquire the right to discharge water upon the premises of the plaintiffs, in the manner and to the extent it is now discharging the same, by virtue of a deed from one McCracken, the common source of title to all these premises; but it appears that this deed grants nothing

more than a water privilege, and the defendant is consequently forced into the position of claiming that such a grant must be so construed as to convey by implication the right to discharge the water in whatever manner will prove most beneficial to the enjoyment of the right granted.

We think that the mere statement of this proposition exposes its fallacy, and we therefore proceed to a brief consideration of the single question involved in this controversy, which is whether or not the defendant has acquired a prescriptive right to discharge the waters from its tail race upon the premises of the plaintiffs, to their annoyance and injury. It is, of course, a familiar rule that a user of real estate which is in the nature of an easement ripens into an absolute right only by an adverse, continuous, and uninterrupted enjoyment thereof for a period of 20 years (Prentice v. Geiger, supra); and, moreover, that such enjoyment or user must be without substantial change for the same length of time. As was held in an early case, where this subject was under consideration:

"The erection of a milldam on one's own land, and flowing a neighbor's land for more than twenty years uninterruptedly, bars all right of action in the neighbor, but only for the dam as it stood. If it be raised and the flow increased within twenty years, an action lies." Russell v. Scott, 9 Cow. 279.

And this doctrine has been too often reiterated by the courts of this state, and is now too firmly established, to require the citation of any authorities in its support.

It would seem, therefore, that, before the value of this contention upon the part of the defendant can be determined, reference must once more be had to the established facts of the case. As has already been stated, it was found by the trial court, upon evidence which was ample to support the finding, that the water discharged by the defendant upon the plaintiffs' premises was materially increased in quantity and velocity by the introduction of the Rodney-Hunt wheel and the siphon in the year 1887 or 1888; and this fact, within the rule to which we have adverted, necessarily disposes of the defendant's claim that the act complained of does not constitute an invasion of the plaintiffs' rights, but is simply an enjoyment of a right which the defendant has acquired by prescription. We are led, therefore, to the conclusion that the judgment appealed from should be affirmed. Judgment affirmed, with costs. All concur.